UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN SINGER, ROSS CAMERON, LYRIC CAPITAL MANAGEMENT GROUP LP and SPIRIT MUSIC GROUP, INC., <br><br> Petitioners, <br><br> -against- <br><br> ALAN ETT, <br><br> Respondent. | Case No. <br><br> **PETITION FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF (TO STAY ARBITRATION)** |

Jonathan Singer ("Singer"), Ross Cameron ("Cameron"), Lyric Capital Management Group LP ("Lyric") and Spirit Music Group, Inc. ("Spirit") (collectively, "Petitioners"), as and for their Petition, allege as follows:

## INTRODUCTION

1. Respondent Alan Ett ("Ett" or "Respondent") was an employee of non-party Spirit Music Collective, LLC ("SMC"), a subsidiary of Sprit. SMC's principal place of business is in Los Angeles County, California, where Ett was employed. Ett and SMC entered into a written employment agreement (the "Employment Agreement"), which is governed by California law and calls for the arbitration of certain disputes before the American Arbitration Association (the "AAA") in Los Angeles, California (the "Arbitration Agreement"). Petitioners are not parties to the Employment Agreement (or the Arbitration Agreement contained therein), nor did they otherwise agree to arbitrate any dispute with Ett, let alone in California.

2. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Petitioners seek a declaration that they did not agree to arbitrate, and there is no other basis for compelling them to arbitrate, any dispute with Ett, including the dispute that is the subject of an arbitration now pending before the AAA in Los Angeles California, Case 01-21-0017-0579 (the "Third-Party

Arbitration"). For the avoidance of doubt, Petitioners seek this declaration only on their own behalf, not on behalf of SMC.

3. Pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4 and CPLR 7503(b), Petitioners also seek an order enjoining Ett from proceeding with the Third-Party Arbitration and permanently staying the Third-Party Arbitration as to them. Again, for the avoidance of doubt, Petitioners seek this relief only on their own behalf, not on behalf of SMC.

## PARTIES

4. Singer is an individual residing in Connecticut and a citizen of Connecticut. Singer is a limited partner of Lyric.

5. Cameron is an individual residing in South Carolina and a citizen of South Carolina. Cameron is a limited partner of Lyric.

6. Lyric is a New York limited partnership with its principal place of business located at 235 W. 23rd Street, New York, 10011. Lyric is the manager of the ultimate parent of Spirit and SMC; it is five levels up from SMC and four levels of up from Spirit. None of the partners in Lyric is a resident or citizen of California.

7. Spirit is a Delaware limited liability company, with its principal place of business located at 235 W. 23rd Street, New York, 10011.

8. Upon information and belief, Ett is an individual residing in California and a citizen of California.

## JURISDICTION ALLEGATIONS

9. There is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is at stake in the dispute between Ett and each of the Petitioners. Thus, this Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

10. Ett is subject to personal jurisdiction in New York because he has purposefully availed himself of the privilege of conducting business in New York, including in connection with the specific issues he raised in his Demand for Arbitration (the "Demand") in the Third-Party Arbitration. Although Lyric and Spirit (and the other Petitioners) are not signatories to the Arbitration Agreement, Ett has reached into New York in an attempt to force them to arbitrate in Los Angeles, California. Further, in the Demand, Ett asserts several claims arising under an Asset Purchase Agreement (the "APA") that he and his former companies (the "Selling Companies") entered into as of January 1, 2017 with SMC, Spirit TMC S.A.R.L. and Spirit Catalogue Holdings S.A.R.L. (collectively, the "Purchasers"). In the APA, which is governed by New York law, Ett consented to the jurisdiction of the federal and state courts in the County of New York, State of New York for the purpose of resolving disputes arising thereunder.

11. Venue is proper in the Southern District of New York because Ett is subject to personal jurisdiction in New York and, as alleged above, in the APA he consented to the venue of the federal and state courts in the County of New York, State of New York for the purpose of resolving disputes arising thereunder.

## FACTUAL ALLEGATIONS

12. Ett entered into the Employment Agreement with SMC, whereby he became employed as SMC's Chief Executive Officer for a period of three years. The Employment Agreement was executed contemporaneously with the APA.

13. On or about October 28, 2019, Ett and SMC entered into an amendment to the Employment Agreement (the "Amendment"), whereby, among other things, Ett's employment was extended by one year. The Amendment was executed by Spirit on SMC's behalf, not as a party to the Employment Agreement (which it is not).

14. The Employment Agreement contains the Arbitration Agreement pursuant to which Ett instituted the Third-Party Arbitration against SMC. The APA does not contain an arbitration agreement; instead, it provides that disputes arising thereunder will be resolved in the federal or state courts in the County of New York, State of New York.

15. Petitioners are not parties to the Employment Agreement, the APA or any arbitration agreement with Ett.

16. On October 25, 2021, Ett commenced the Third-Party Arbitration against SMC and Petitioners seeking damages and other relief in connection with **both** the APA and the Employment Agreement.

17. On or about November 19, 2021, Spirit received a letter from AAA initiating the Third-Party Arbitration.

18. On or about December 6, 2021, Petitioners filed an Objection to the jurisdiction of the AAA over them on the ground that they are not parties to the Arbitration Agreement. Under the AAA's rules, the filing of this Petition will automatically stay the Third-Party Arbitration by at least sixty (60) days.

## COUNT I

### (Declaratory Judgment Under 28 U.S.C. § 2201)

19. Petitioners reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 18 as if fully set forth herein.

20. An actual controversy has arisen and now exists between Petitioners and Respondent regarding whether Petitioners are bound by the Arbitration Agreement or otherwise subject the AAA's jurisdiction in connection with the Third-Party Arbitration. Respondent maintains that Petitioners are bound by the Arbitration Agreement. Petitioners maintain that they

are not bound by the Arbitration Agreement and there is no other basis for compelling them to arbitrate with Ett.

21. Pursuant to 28 U.S.C. § 2201, a judicial determination of the respective rights of the parties is necessary and appropriate under these circumstances.

## COUNT II

### (Injunctive Relief Under § 4 of the FAA and CPLR 7503(b))

22. Petitioners reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23. Pursuant to § 4 of the FAA and CPLR § 7503 (b), Ett should be permanently enjoined from proceeding with the Third-Party Arbitration as to Petitioners and the Third-Party Arbitration should be permanently stayed as to them because they are not parties to the Arbitration Agreement and they have not otherwise agreed to arbitrate any dispute with Ett.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray for this Court to enter judgment in their favor and against Respondent, granting the following relief:

1. A declaration that Petitioners are not bound by the Arbitration Agreement and there is no other basis for compelling them to arbitrate with Respondent;

2. An injunction permanently enjoining Respondent from proceeding with the Third-Party Arbitration as to Petitioners and permanently staying the Third-Party Arbitration as to them;

3. An award of reasonable costs in connection with this proceeding; and

4. An award of any and all additional relief that the Court deems just and proper.

New York, New York                Respectfully submitted,

| | |
|---|---|
| December 20, 2021 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| | By: _____/s/ Jonathan Stoler_____ |
| | Jonathan Stoler<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone:  (212) 653-8700<br>Facsimile:  (212) 653-8701<br>jstoler@sheppardmullin.com<br>*Attorneys for Petitioners* |