UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 22-5212 FMO (AGRx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | Jonathan Singer, et al. v. Alan Ett | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order re: Motion to Stay Arbitration [62]

Having reviewed all the briefing filed in connection with Jonathan Singer ("Singer"), Ross Cameron ("Cameron"), Lyric Capital Management Group LP ("Lyric"), and Spirit Capital Music Group, Inc.'s ("SMG") (collectively, "petitioners") Motion to Stay Arbitration as to Petitioners, (Dkt. 62, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND[1]

Petitioners filed the instant Motion seeking a permanent stay of the arbitration initiated by respondent Alan Ett ("Ett") before the American Arbitration Association ("AAA"), Case No. 01-21-0017-0579 (referred to herein as the "third-party arbitration"). (See Dkt. 62, Motion at 1). Ett filed a third-party arbitration demand against petitioners as well as a subsidiary of SMG, Spirit Music Collective, LLC ("SMC"). (See Dkt. 1, Petition for Declaratory Relief and Injunctive Relief (to Stay Arbitration) ("Pet.") at ¶¶ 1 & 16).

On January 1, 2017, Ett and his former companies ("selling companies") entered into an Asset Purchase Agreement with SMC, Spirit TMC S.A.R.L., and Spirit Catalogue Holdings S.A.R.L. (collectively, "purchasers"). (See Dkt. 1, Pet. at ¶ 10). The purchasers purchased public assets of the selling companies, 75 percent of Ett's writer's performance income share with respect to musical compositions as of January 1, 2017, and 50 percent of Ett's writer's performance income share with respect to musical compositions created after January 1, 2017, and during the term of Ett's employment. (See Dkt. 62, Motion at 1-2).

At the time the selling companies and purchasers entered into the Asset Purchase Agreement, Ett entered into an Employment Agreement with SMC. (See Dkt. 1, Pet. at ¶ 12).

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5212 FMO (AGRx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

Under the Employment Agreement, Ett was employed as SMC's Chief Executive Officer for an initial period of three years.[2] (See id.). The Employment Agreement contains an arbitration clause which provides in relevant part:

> Arbitration.  Except as relates to section 7 of this agreement, the parties agree that any controversy, claim or dispute arising out of or relating to this agreement, or the breach thereof or arising out of or relating to the employment of the executive, or the termination thereof, including any statutory or common law claims under federal, state, or local law, including all laws prohibiting discrimination in the workplace, shall be resolved by confidential arbitration proceedings conducted by a single arbitrator in Los Angeles, California in accordance with the employment arbitration rules of the American Arbitration Association.  The parties agree that any award rendered by the arbitrator shall be final and binding, and that judgment upon the award may be entered in any court having jurisdiction thereof.

(Dkt. 18, Declaration of Bridget Russell ("Russell Decl."), Exhibit ("Exh.") 1 at ECF 127).

On October 25, 2021, Ett commenced the underlying arbitration against SMC and petitioners, seeking relief under the Asset Purchase Agreement and the Employment Agreement. (See Dkt. 1, Pet. at ¶ 16).  On December 6, 2021, petitioners filed an objection to the jurisdiction of the AAA on the ground that they are not parties to the arbitration clause contained in the Employment Agreement.  (See id. at ¶ 18).

On December 20, 2021, petitioners initiated this action in the Southern District of New York, (see Dkt. 32, Court's Order of July 20, 2022, at 1), which was transferred to this court on July 20, 2022.  (Id. at 3).  Petitioners subsequently filed the instant Motion, seeking a permanent stay of the AAA arbitration as to petitioners on the ground that "they are not parties to the arbitration agreement."  (See Dkt. 62, Motion at 1).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires courts to compel arbitration of claims covered by an enforceable arbitration agreement.  See 9 U.S.C. §§ 1, et seq.  The FAA limits the court's role to "determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue."  Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).  In general, gateway disputes, such as whether a party is "bound by a given arbitration clause" or whether an arbitration clause is a binding contract that "applies to a particular

---

[2] On October 28, 2019, Ett and SMC entered into an amendment to the Employment Agreement ("Amendment"), whereby Ett's employment was extended for one year, his salary was increased, and Ett and SMC agreed to negotiate regarding an Incentive Plan.  (See Dkt. 1, Pet. at ¶ 13).  The Amendment was signed by SMG on SMC's behalf.  (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5212 FMO (AGRx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

type of controversy," are "for judicial determination unless the parties clearly and unmistakably provide otherwise." See Shivkov v. Artex Risk Sols., Inc., 974 F.3d 1051, 1065 (9th Cir. 2020) (internal quotation marks omitted). "[A]rbitration is strictly a matter of consent[,]" and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1211 (9th Cir. 2016) (internal citations and quotation marks omitted). "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 855 (9th Cir. 2022) (internal citations omitted). Upon being satisfied of the existence of a valid arbitration agreement, the court must order the parties to proceed to arbitration in accordance with the terms of the agreement. See 9 U.S.C. § 4.

"[T]he summary judgment standard is appropriate in cases where the district court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration." Ardalan v. West, 2010 WL 11639836, *3 n. 5 (N.D. Cal. 2010); Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see also 9 U.S.C. § 4. "If the party seeking [a stay of] arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing [the stay] . . . must submit evidentiary facts showing that there is a dispute of fact to be tried." Grabowski v. Robinson, 817 F.Supp.2d 1159, 1168 (S.D. Cal. 2011) (internal quotation marks omitted); see Warren v. Del Taco Restaurants, Inc., 2018 WL 6167937, *4 (C.D. Cal. 2018) (same).

**DISCUSSION**[3]

Petitioners contend that "none of [them] agreed to arbitrate any dispute with Ett. The only agreement to arbitrate relied upon by Ett is found in his Employment Agreement with SMC, to which none of Petitioners is a party." (Dkt. 62, Motion at 7). Ett responds that petitioners are subject to the arbitration clause based on theories of: (1) agency; (2) third-party beneficiary; and (3) vicarious liability.[4] (See Dkt. 66, Opp. at 8-23).

---

[3] While the parties' briefing presents both California and New York law in support of their arguments, the Employment Agreement – which includes the subject arbitration provision – states that the Agreement is governed by California law. (See Dkt. 18, Russell Decl., Exh. 1 at ECF 126-27); ABF Cap. Corp., a Delaware Corp. v. Osley, 414 F.3d 1061, 1065 (9th Cir. 2005) (noting the "strong policy favoring enforcement of [choice-of-law] provisions") (internal quotation marks omitted).

[4] Petitioners also contend that Ett may be seeking to bind them to arbitration under a theory of estoppel. (See Dkt. 62, Motion at 13 & 17). But Ett states "[h]e has never taken the position that Petitioners should be compelled to arbitrate specifically by way of an estoppel, but rather has relief on the theories [i.e., agency, third-party beneficiary, and vicarious liability] discussed above." (Dkt. 66, Memorandum of Law in Opposition to Motion to Stay Arbitration ("Opp.") at 24). Accordingly, the court will not consider petitioners' estoppel argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5212 FMO (AGRx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

I.      AGENCY – SINGER AND CAMERON.[5]

"The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration." Benasra v. Marciano, 92 Cal.App.4th 987, 990 (2001). Here, there is no dispute that neither Singer nor Cameron signed the Employment Agreement that contains the subject arbitration clause. (See Dkt. 62, Motion at 5) (Dkt. 66, Opp. at 3). Nevertheless, Ett contends that because "Singer and Cameron undoubtedly were, at all relevant times, agents of SMC," (see Dkt. 66, Opp. at 22), and SMC signed the Employment Agreement, Singer and Cameron are bound to the arbitration clause. (See id. at 13) (Singer and Cameron "should be bound to arbitrate under [the principle of] . . . agency (i.e., the individuals acting as agents for the corporate entity principals)[.]"). According to Ett, "[e]xecutives such as Singer and Cameron are inherently fiduciaries and agents of their company[,]" (see id. at 22) (internal citations omitted), and the "relationship between an employer-principal and its officer- or employee-agent may in fact bind the latter to an arbitration agreement entered into by the principal." (Id. at 23). "Considering the direct financial benefits (and legal benefits . . . ) that Singer and Cameron accrued as a result of the Employment Agreement," Ett argues, "it is appropriate to require them to arbitrate the present dispute." (Id.). Ett's contentions are unpersuasive.

"An agent is one who represents another, called the principal, in dealings with third persons." Valentine v. Plum Healthcare Grp., LLC, 37 Cal.App.5th 1076, 1086 (2019) (internal quotation marks omitted). "In California, an agency is 'either actual or ostensible.'" Id. "Actual [agency] arises as a consequence of conduct of the principal which causes an agent reasonably to believe that the principal consents to the agent's execution of an act on behalf of the principal." Tomerlin v. Canadian Indem. Co., 61 Cal.2d 638, 643 (1964) (emphasis omitted). "Ostensible agency arises when the principal's conduct causes the third party reasonably to believe that the agent has the authority to act on the principal's behalf." Rogers v. Roseville SH, LLC, 75 Cal.App.5th 1065, 1074 (2022). While most cases involve an agent executing a contract on behalf of a principal, "[a] nonsignatory who is the agent of a signatory can . . . be compelled to arbitrate claims against his will." See Rowe v. Exline, 153 Cal.App.4th 1276, 1285 (2007) (emphasis in original).

As noted earlier, the Employment Agreement was not signed by Singer or Cameron; indeed, neither is even mentioned in the Employment Agreement. (See, generally, Dkt. 18, Russell Decl., Exh. 1 at ECF 114-129). Here, the Employment Agreement, which defines the parties as Ett and SMC, (id. at ECF 114), was signed and executed by Ett and David Renzer on behalf of SMC. (See id. at ECF 129). Also, the Employment Agreement does not state whether

---

[5] The parties' briefing, including Ett's Opposition, does not apply agency theory to Lyric or SMG. (See, generally, Dkt. 62, Motion); (Dkt. 66, Opp. at 14-19). Thus, the court will not address whether agency theory binds Lyric or SMG to arbitration. See, e.g., Conservation Force v. Salazar, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-5212 FMO (AGRx)** | Date | **September 18, 2023** |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

the parties include any agents of Ett or SMC.[6] (See, generally, id. at ECF 114-129). In short, there is no basis to conclude that Singer or Cameron are agents of SMC. See, e.g., Petersen v. EMC Telecom Corp., 2010 WL 2490002, *4 (D. Ariz. 2010) ("[T]here is no indication that the [non-signatory, individual] Defendants agreed to be bound by [the] contracts. Agency theory, therefore, cannot serve as a basis for compelling the Individual Defendants to arbitrate."); Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 445 (3d Cir. 1999) (refusing to enforce an arbitration clause against an agent who did not sign the underlying agreement). But even if they were and had signed the Employment Agreement, "under ordinary rules of contract and agency law a representative who unambiguously signs a contract as a corporate officer or agent is not a party to the contract in his or her personal capacity." See Cohen v. TNP 2008 Participating Notes Program, LLC, 31 Cal.App.5th 840, 861 (2019).

To be sure, "[t]here are cases in which an employee is held to be bound by an arbitration agreement entered into by his or her employer, even though the employee did not sign on to the agreement." Jensen v. U-Haul Co. of California, 18 Cal.App.5th 295, 302 (2017). But nothing in the evidence presented regarding Singer or Cameron takes the instant case outside of the general rule that "[p]ersons are not normally bound by an agreement entered into by a corporation in which they have an interest or are employees." See Suh v. Superior Ct., 181 Cal.App.4th 1504, 1513 (2010) (emphasis added); see also id. at 1514 ("That they were employees of HP Inc. does not mean they were bound by the arbitration clause in an agreement between HP Inc. and the Hospital."). That Singer and Cameron have an interest in SMC and would receive, as Ett claims, "financial benefits (and legal benefits [])" from the Employment Agreement is insufficient to show that SMC had authority to bind Singer and Cameron to the arbitration agreement. See, e.g., Jensen, 18 Cal.App.5th at 303 ("[T]he mere fact that parties are employees of a corporation does not mean they were bound by an arbitration clause in an agreement between the corporation and a third party.") (internal quotation marks omitted); Petersen, 2010 WL 2490002, at *4 ("While it is well established that agency theory can justify applying an arbitration clause to a non-signatory, . . . this is only true when a signatory has brought claims against non-signatory agents and the agents then seek to invoke the arbitration clause against the signatory[,]" and "[t]he situation is materially different however, when, as in the case at bar, a signatory seeks to invoke an arbitration clause against a non-signatory") (internal citation and quotation marks omitted).

---

[6] Exhibit B to the Employment Agreement, (see Dkt. 18, Russell Decl., Exh. 1 at ECF at 133-41), includes at least one clause (see, e.g., id. at ECF 133 (section 1.(a))) discussing "agents" of Ett and SMC, but the Exhibit – which is a template Separation Agreement and General Release – does not appear to have been signed and executed. (See, generally, id. at ECF 141).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-5212 FMO (AGRx)** | Date | **September 18, 2023** |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

II.  THIRD-PARTY BENEFICIARY – ALL PETITIONERS.[7]

Ett argues that petitioners are all bound to arbitrate because they are third-party beneficiaries of the Employment Agreement. (See Dkt. 66, Opp. at 14-20). He contends that under California law, SMC and Lyric "are direct beneficiaries of the Employment Agreement" as members of the "Company Group" and as "affiliates[,]" (see id. at 15-18), and that Singer and Cameron "fall squarely within a class of persons for whose benefit the Employment Agreement was made." (See id. at 19-20). According to Ett, they "fall squarely within the beneficiaries to 6(f) of the Employment Agreement and the releases in Exhibit B thereto" and, as executives with SMG, they "directly benefitted financially as a result of the Employment Agreement." (See id.). Again, Ett's contentions are unpersuasive.

"The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." Cargill, Inc. v. Souza, 201 Cal.App.4th 962, 967 (2011) (internal quotation marks omitted). "The unnamed third party may enforce the contract if that party can show that he or she is a member of a class for whose benefit the contract was made." Id. "[W]here . . . the issue [of whether a third party is an intended beneficiary] can be answered by interpreting the contract as a whole and doing so in light of the uncontradicted evidence of the circumstances and negotiations of the parties in making the contract, the issue becomes one of law that we resolve independently." Souza v. Westlands Water Dist., 135 Cal.App.4th 879, 891 (2006) (internal quotation marks omitted).

Here, petitioners argue that even if they "were third-party beneficiaries of the Arbitration Agreement, that would entitle them to enforce the Arbitration Agreement against Ett, but it would not bind them to the Arbitration Agreement." (Dkt. 62, Motion at 12 & 16-17). Relying on City of Riverside v. Mitsubishi Heavy Indus., LTD, 2014 WL 1028835 (S.D. Cal. 2014), Ett responds that California law "recognize[s] that third-party beneficiaries can be compelled to arbitrate when the contract from which they benefit mandates arbitration." (See Dkt. 66, Opp. at 14) (quoting City of Riverside, 2014 WL 1028835, at *3, stating that "California law allows a nonsignatory to be compelled to arbitration where . . . the nonsignatory is a third-party beneficiary of the contract containing the arbitration agreement."). However, the language Ett quotes comes from the court's discussion of an equitable estoppel claim, not a third-party beneficiary claim. See City of Riverside, 2014 WL 1028835, at *3-*4.

---

[7] Ett contends that "Lyric, as the parent company of SMG and SMC, should be bound to arbitrate by way of vicarious liability because Lyric exercise[s] complete dominion and control [over] the subsidiary's daily operations." (Dkt. 66, Opp. at 18) (internal quotation marks omitted). However, Ett provided no authority for the proposition that vicarious liability can be used to force a non-signatory to arbitrate claims brought by a signatory to the arbitration agreement. The cases cited by Ett – one of which is unpublished and may not be cited, see Cal. Rule of Court 8.1115(a) – either do not involve arbitration or deal with an accepted theory (i.e., agency) to compel arbitration of a non-signatory. (See Dkt. 67, Reply Memorandum [] at 13-14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5212 FMO (AGRx) | Date | September 18, 2023 |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

In any event, petitioners are correct that the purpose of the third-party beneficiary doctrine is to allow a third-party beneficiary to enforce a contract intended for his or her benefit. See Jensen, 18 Cal.App.5th at 301 ("A third party beneficiary is someone who may enforce a contract because the contract is made expressly for his benefit.") (internal quotation marks omitted). In other words, a party may not enforce a contract against a non-signatory third-party beneficiary.[8] See McArthur v. McArthur, 224 Cal.App.4th 651, 662 (2014) (rejecting contention "that contractual arbitration clauses are enforceable against third party beneficiaries of the contract," and noting that "the case law in fact requires that the third party claim benefits or rights under the contract before he or she will be bound to arbitrate.") (emphasis omitted); Comer v. Micor, Inc., 436 F.3d 1098, 1102 (9th 2006) ("A third party beneficiary might in certain circumstances have the power to sue under a contract; it certainly cannot be *bound* to a contract it did not sign or otherwise assent to."). As the California appellate court stated in Benasra, "[t]he fact that a nonsignatory to a contract may in some circumstances be viewed as a third-party beneficiary or an agent who is entitled to *compel* arbitration is legally irrelevant where, as here, [the nonsignatory] is not the one who wants to be bound by the arbitration provision in a contract that he signed only in a representative capacity." 92 Cal.App.4th at 991 (citation omitted); see id. ("It is one thing to permit a nonsignatory to relinquish his right to a jury trial, but quite another to compel him to do so."). Here, at least as to Singer and Cameron, the situation is even more compelling than the one in Benaskra because neither one of them signed the Employment Agreement in any capacity, let alone a representative capacity. In short, petitioners are not bound to arbitration under the third-party beneficiary doctrine.

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioners' Motion **(Document No. 62)** is **granted**. The underlying arbitration is stayed as to petitioners Jonathan Singer, Ross Cameron, Lyric Capital Management Group LP, and Spirit Capital Music Group, Inc.

2. Except as set forth above, Ett and SMC shall proceed and complete their arbitration.

3. The Clerk shall administratively close the case. See Dees v. Billy, 394 F.3d 1290, 1293-94 (9th Cir. 2005).

---

[8] Even if Ett could compel a third-party beneficiary to arbitration, nothing in the arbitration clause itself confers a benefit on petitioners. (See Dkt. 18, Russell Decl., Exh. 1 at ECF 127). Any benefits conferred in other provisions of the Employment Agreement – outside of the arbitration clause, e.g., §§ 7 & 9 – do not convert petitioners into third-party beneficiaries. See, e.g., Fuentes v. TMCSF, Inc., 26 Cal.App.5th 541, 552 (2018) ("But to invoke the third party beneficiary exception, a third party beneficiary has to show that the arbitration clause . . . was made expressly for its benefit.") (quoting Ronay Fam. Ltd. P'ship v. Tweed, 216 Cal.App.4th 830, 838 (2013)) (quotation and alteration marks omitted) (emphasis in original).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 22-5212 FMO (AGRx)** | Date | **September 18, 2023** |
|---|---|---|---|
| Title | **Jonathan Singer, et al. v. Alan Ett** | | |

|  | Initials of Preparer | vdr |
|---|---|---|